UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SEAN S. SHALLOW,

                Plaintiff,

- against -

NEW YORK STATE & CITY HUMAN RIGHTS
COMMISSION & HEALTH & HUMAN
SERVICES, NEW JERSEY STATE HEALTH &
HUMAN SERVICE & HUMAN RIGHTS
COMMISSION, ARIZONA HEALTH & HUMAN
SERVICES, DEPARTMENT OF DEFENSE (CID),
NEW YORK POLICE DEPARTMENT, SAN
FRANCISCO HEALTH & HUMAN SERVICE,
NY, AZ, NJ & SAN FRANCISCO US MARSHALS,
SYLVIA SHALLOW, OFFICE OF CIVIL RIGHTS,
LABOR DEPARTMENT, CARLA SHALLOW,
DEPARTMENT OF HEALTH HUMAN SERVICES,
WASHINGTON DC & HUMAN RIGHTS
COMMISSION,

                Defendants.
------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
12-CV-04956 (CBA)

AMON, Chief United States District Judge.

On December 31, 2012, plaintiff Sean S. Shallow, appearing pro se, filed this action alleging, inter alia, sexual assault, sexual harassment, employment discrimination, retaliation, libel, slander, and various civil rights violations. He seeks damages of $1 million. The Court grants Shallow's request to proceed in forma pauperis solely for the purpose of this Order and dismisses the complaint as set forth below.

## BACKGROUND

Shallow alleges sexual harassment, discrimination and retaliation while employed at several medical clinics from 2007-2011. These claims overlap to a large extent with claims Shallow raised previously in a complaint filed in the United States District Court for the

1

Southern District of New York. See Shallow v. Scofield, No. 11 Civ. 6028, 2012 WL 4327388 (S.D.N.Y. Sept. 21, 2012). By Order dated September 21, 2012, the Honorable Jesse M. Furman, United States District Judge, granted defendants' motion to dismiss. Id. at *7 (appeal pending). Shallow also alleges that unidentified "U S agency investigators" in New York, New Jersey, Trinidad and the Dominican Republic have tried to cause him harm by putting mood altering drugs and substances in his food and tampering with his car and various other equipment. He claims, moreover, that these "U S agency third party investigators" have conspired with his family members, Sylvia and Carla Shallow, to cause this harm and to negotiate a settlement for his various claims or otherwise prevent him from complaining or suing. (See Compl. at 1, 7-9, 12-16.)

## STANDARD OF REVIEW

In reviewing Shallow's complaint, the Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). The Court is obliged to construe plaintiff's pleadings liberally and interpret them as arising the strongest arguments they suggest. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, the Court may dismiss a complaint "at any time" if the Court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

# DISCUSSION

## I. Doctrine of Res Judicata

To the extent Shallow seeks to relitigate his employment discrimination, retaliation sexual harassment, sexual assault, libel and slander claims stemming from his employment at 72nd Street Medical and Enzo Labs, the complaint is dismissed pursuant to the res judicata doctrine. The doctrine of res judicata "bars later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007) (internal citations and quotation marks omitted); see also Hameed v. Aldana, 296 F. App'x 154 (2d Cir. 2008) (affirming dismissing of pro se complaint on res judicata grounds).

Shallow previously filed a complaint in the Southern District of New York alleging sexual harassment, employment discrimination, retaliation, slander and libel claims against his former employers. See Shallow, 2012 WL 4327388. Liberally construing Shallow's complaint, Judge Furman held that Shallow's allegations that 72nd Street Medical improperly disclosed his private medical information failed to state a claim because "HIPAA does not provide for either an express or implied private right of action."[1] Id. at *4. Judge Furman also dismissed Shallow's Title VII and ADA claims stemming from his employment at 72nd Street Medical and Enzo Labs, his sexual assault and defamation claims, and his NYSHRL and NYCHRL claims against 72nd Street Medical as time-barred. Id. at *4-*5. Although he found Shallow's NYSHRL and NYCHRL claims against Enzo Labs timely, Judge Furman nevertheless dismissed those claims as "facially implausible." Id. at *6.

---

[1] To the extent that Shallow alleges other HIPAA violations not included in his Southern District complaint, those claims are dismissed for the same reason here.

3

Although he did not name the same defendants in the caption of this case as he did in his Southern District case, Shallow's allegations here of sexual harassment, employment discrimination, retaliation, slander and libel are at core the same as those raised in the Southern District. Shallow does allege some factual content not present in his Southern District complaint, but to the extent that he states cognizable claims, they rest largely on the same conduct giving rise to identical claims presented in his earlier case. Importantly, he alleges nothing that would render his claims timely, and indeed, even his NYSCHRL and NYCHRL claims against Endo Labs would be untimely here. Regardless, the doctrine of res judicata mandates the sua sponte dismissal of those claims related to his prior employment. See Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (per curiam).

## II. Frivolous Allegations

As to any new allegations against defendants based on the purported conduct of various unidentified "U S agency investigators," other state actors and Carla and Sylvia Shallow not presented in his earlier complaint filed in the Southern District of New York, these claims are dismissed. (See Compl. at 13-16.)

The Supreme Court has observed that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 325, 327-38 (1989) (determining that a claim is "factually frivolous" where the facts alleged are "clearly baseless," a category including allegations that are "fanciful," "fantastic," and "delusional"). Shallow's pleadings are irrational and incredible. He alleges, for example, that "the third party U S agencies," which he alleges

include the "New York City & or State human rights commission, Labor department who work in conjunction with the EEOC & US Marshals & or NYPD":

> constantly tampered with my food, mood altering drugs and substance that cause[d] me to have blood pouring out of my anus on a daily basis when I used the restroom. Fungus & or bacteria was put in the food I consume to break my face or lip out two days after I had sexual relation with a woman or substance to give me the cold, or cold like symptoms to try and trick me into going to see a doctor and get tested a second time. Carla Shallow and Sylvia Shallow also insisted on cooking for me and help the third party U S agencies feed me these substances.

(Compl. at 7.) Other allegations include that: "US agency third party personnel were using [his] online dating to put women in [his] life with diseases"; his car's "fuel injector was broken by the third party U S agency law enforcement which made the car a moving bomb and could of explored when I start it"; "U S agency law enforcement personnel" broke into his room and stole his computer, TV, music system, digital camera, phone charger and punched holes in his air mattress on a regular basis; and:

> [a]t Union county Jail where I went to draw blood from in mates a last patient was added to the draw list by a Patricia Nelson u S agency investigator the patient had AIDS and he attempt[ed] to get me stuck with [] his needle, he was directed to do so from the third party U S agency personnel.

(Id. at 13-14.)

Shallow's allegations—even under the very liberal reading the Court accords pro se pleadings (and even if Shallow himself believes them to be true)—can only be described as delusional and fantastic. See Denton, 504 U.S. at 33. Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this frivolous action is dismissed. Livingston, 141 F.3d at 437.

## CONCLUSION

Accordingly, the complaint, filed in forma pauperis, is dismissed in its entirety as barred by the doctrine of res judicata and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 15, 2013

/S/ Chief Judge Carol B. Amon
Carol Bagley Amon
Chief United States District Judge